## THE EMELIA S. DE PEREZ.*

### NILSEN, RANTOUL & CO., Inc., v. OCEAN TRANSP. CORPORATION.

(District Court, S. D. New York. October 30, 1922.)

Shipping ⬤125—Bill of lading held to permit going beyond destination and transshipping back.

Where the bill of lading permitted the carrier to transship the goods and to deviate from the voyage, so as to go by any port or place en route or beyond, in any order, the ship was not liable for damages caused by delay in proceeding to a port 125 miles beyond the port of destination, and then transshipping back by another steamer, which arrived at the destination the following day, since the question under such a bill of lading is one of degree and reasonable conduct, and the deviation which occurred was not unreasonable.

In Admiralty. Libel by Nilsen, Rantoul & Co., Inc., against the steamship Emelia S. de Perez and the Ocean Transportation Corporation, as claimant. Libel dismissed.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for libelant.

Hunt, Hill & Betts, of New York City, for claimant respondent.

AUGUSTUS N. HAND, District Judge. The claimant issued bills of lading for merchandise destined for Valencia, Spain, containing the following clause:

"3. It is mutually agreed that the carrier shall have liberty to forward the goods by, or transfer to, any other steamer, to transship, to sail with or without pilots, to tow and assist vessels in any situation, and also to deviate, to proceed to the port stated in this bill of lading via any port or place en route or beyond, in any order, whether in or out of the customary or advertised route for any purposes whatever; to discharge and land by lighters or otherwise at any port or place and on beach or wharf or otherwise, as is customary, practicable or necessary, at the port or place at which they are discharged and landed, and to forward by any other conveyance to port of destination, the ship's responsibility to cease in all cases at the ship's tackle. * * *"

The ship Emelia S. de Perez was chartered by the claimant, Ocean Transportation Company, for a trip to Cadiz and Barcelona, but took a cargo for 14 different Spanish ports. It was the custom of the claimant to transship cargo for the north of Spain at Cadiz, and for the south of Spain at Barcelona. Accordingly the ship did not stop at Valencia, but landed the merchandise at Barcelona, and transshipped it by steamer back to Valencia, a distance from Barcelona of about 125 miles. She left New York May 26, 1916, arrived at Barcelona June 6, and at Valencia June 7. The libel was filed for damages caused by delay and alleged deviation in not going direct to Valencia.

If the liberal clause of the bills of lading is to be given any latitude at all, it should cover such a comparatively small departure from the straight route to Valencia as occurred here. I can see no practical difference between this case and the deviation from New York to Philadelphia which was justified by Judge Learned Hand in his opinion in

The Blandon, 287 Fed. 722, dated March 30, 1922. It is true that in The Blandon the ship did proceed to her destination, but the clause here permitting the vessel to transship was as applicable to a near port beyond Valencia as to Cadiz, which was much farther than Barcelona from Valencia. The bills of lading here permitted the vessel, not only to go out of the customary route and to transship, but also to proceed beyond. The question is really one of degree and reasonable conduct, and I think the ship was justified in doing what it did here. South, etc., Line v. London Stores, 255 Fed. 306, 166 C. C. A. 476; The Kansas (D. C.) 87 Fed. 766; Hajdi Ali Akbar & Sons v. Anglo-Arabian and Persian S. S. Co. (1906) 11 Commercial Cases, 219.

The libel is dismissed, with costs.